# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHRISTINE MARAIS,**

    **Plaintiff,**

v.

**REIMER LAW CO.,**
*et al.*,

    **Defendants.**

Case No. 2:17-cv-922
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 19), Defendant's Memorandum in Opposition (ECF No. 24), and Plaintiff's Reply in Support (ECF No. 25) as well as Defendant's Motion to Dismiss (ECF No. 15), Plaintiff's Memorandum in Opposition (ECF No. 20), and Defendant's Reply in Support. (ECF No. 23.) For the reasons that follow, Plaintiff's Motion for Leave to Amend her Second Amended Complaint is **GRANTED** and Defendant's Motion to Dismiss is **DENIED as MOOT**.

### I.

Plaintiff brings forth claims against Defendants JP Morgan Chase ("Chase") and Reimer Law for violations of the Truth and Lending Act, 12 U.S.C. § 1026, et seq. ("TILA") and of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Plaintiff alleges she had a mortgage with Chase and that from October 2014 through August 2017, Chase failed to send her "a mortgage statement or any type of statement with each billing cycle. . ." (Amen.

Compl. ¶¶ 35, 43.) She further alleges that "Chase's failure to send Ms. Marais a monthly mortgage statement prevented her from knowing how much is due on her account and did not provide her a way to pay her monthly mortgage payment."

On February 6, 2018, Defendant Chase moved to dismiss Plaintiff's TILA claim, asserting her claim must be dismissed because 15 U.S.C. § 1638(f) does not allow for statutory damages and she failed to allege actual damages. (Mot. Dismiss at 1, ECF No. 15.) In response, Plaintiff requested that the Court allow her to amend her pleadings, and formally moved for leave to amend on February 27, 2018. (ECF No. 19.) In her Proposed Second Amended Complaint, she contends that she has remedied any deficiencies in her pleading to support her claim that she is entitled to actual damages for Defendant's violations of TILA.

## II.

Under Federal Rules of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)). In considering a Rule 12(b)(6) motion to dismiss, the Court must construe the Complaint in the light most favorable to the non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

The Court must nonetheless read Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8(a), requiring a short and plain statement of the claim showing that the pleader is entitled to relief. *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 908 (S.D. Ohio 2013). Therefore, the factual allegations set forth in the Complaint, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Further, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Thus, while Plaintiff is not required to set forth detailed factual allegations at the pleading stage, the Complaint must contain some basis upon which relief can be granted; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Id.* at 679; Fed. R. Civ. P. 8(a).

### III.

Defendant Chase opposes Plaintiff's request for leave to amend, contending that amendment would be futile. Defendant moved to dismiss Plaintiff's First Amended Complaint because she alleged only statutory damages, which are not permitted for violations of 15 U.S.C. § 1638(f). *See Dykstra v. Wayland Ford, Inc.*, 134 F. App'x 911, 916 (6th Cir. 2005).

Section 1640(a) sets out the various damages remedies, and then states the following:

> In connection with the disclosures referred to in section 1638 of this title, a creditor shall have a liability determined [regarding individual statutory damages] only for failing to comply with the requirements of section 1635 of this title or of paragraph (2) (insofar as it requires a disclosure of the "amount financed"), (3), (4), (5), (6), or (9) of section 1638(a) of this title.

15 U.S.C. § 1640(a); *Dyksstra*, 134 F. App'x at 916. Thus, Defendants are correct that statutory damages are not available for claims brought for violations of TILA under 15 U.S.C. 1638(f).

In the Proposed Second Amended Complaint, however, Plaintiff alleges emotional distress resulted from not receiving the monthly mortgage statements. (19-1 ¶¶ 63, 100.) She therefore asserts that she has stated a plausible claim for actual damages under TILA. The Sixth Circuit has found that Section 1640(a)(1) does not preclude awarding consequential damages, "including damages for severe emotional distress[,]" for violations of TILA. *Butler v. Sterling, Inc.*, No. 98-3223, 2000 U.S. App. LEXIS 6419, at *25 (6th Cir. Mar. 31, 2000); *see also Gillings v. Nationstar Mortg., LLC*, Case No. 1:15-cv-01074, 2016 U.S. Dist. LEXIS 183718, at *14–15 (N.D. Ga. Jan. 25, 2016) ("many courts have allowed for emotional distress damages under TILA.") (citations omitted).

Suffering minor emotional damages is not sufficient. *Id.* In *Butler*, the Court noted that "[t]o recover damages for emotional distress, however, an aggrieved borrower would need to demonstrate at a minimum, considerable embarrassment or humiliation." *Id.* (citing *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474–75 (2nd Cir. 1995)). Defendant contends Plaintiff has not alleged she suffered severe emotional distress and thus has not stated a claim for damages. The Court disagrees. Rather, Plaintiff need not plead severe emotional distress but must show severe emotional distress at summary judgment.

4

Taking all of Plaintiff's allegations as true, it is plausible that she will be able to show she suffered severe emotional distress caused by Defendant Chase's alleged TILA violations. Accordingly, Plaintiff's Motion for Leave to File Second Amended Complaint is **GRANTED** and Defendant's Motion to Dismiss is **DENIED as MOOT**.

**IT IS SO ORDERED.**

4-23-2018
**DATED**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**